AO 91 (Rev. 01/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) |
|---|---|
| v. | ) |
| JASON EDWARD DUBOSE, | ) Case No. 10-2410-STB |
| | ) |
| *Defendant* | ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of  6/18/2009  in the county of  Miami-Dade  in the  Southern  District of  Florida  , the defendant violated   21   U. S. C. §  841 & 846  , an offense described as follows:

On or about June 18, 2009, in Miami-Dade County, the defendant, JASON EDWARD DUBOSE, did knowingly and intentionally attempt to distribute a controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 846, and Title 18, United States Code, Section 2. Pursuant to Title 21, United States Code, Section 841(b)(1)(C), it is further alleged that this violation involved what DUBOSE believed was a mixture and substance containing a detectable amount of MDMA, commonly referred to as "Ecstasy," a Schedule I controlled substance. On that same date, the defendant, JASON EDWARD DUBOSE, did knowingly and intentionally distribute an analogue to a controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 813. Pursuant to Title 21, United States Code, Sections 841(b)(1)(C) and 802(32)(A), it is further alleged that this violation involved a mixture and substance containing a detectable amount of 5-Methoxy-N-methyl-N-isopropyltryptamine (5-MeO-MIPT), which is an analogue 5-Methoxy-N,N-diisopropyltryptamine (5-MeO-DIPT), commonly referred to as "Foxy," a Sch. I controlled substance.

This criminal complaint is based on these facts:

See attached affidavit, which is incoporated by reference herein.

☑ Continued on the attached sheet.

*Complainant's signature*

Roald Novales, Special Agent, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 3/26/10

*Judge's signature*

City and state:  Miami, FL  

U.S. Magistrate Judge
*Printed name and title*

## **AFFIDAVIT**

I, Roald Novales, Special Agent, Federal Bureau of Investigation (FBI), being duly sworn, state as follows:

1. I have been employed as a Special Agent with the FBI for over seven (7) years, and during that time have been assigned to, both the San Diego and Miami Divisions. During these assignments, I have been assigned to conduct investigations concerning federal violations relating to narcotics, money laundering and violent gangs. Based on my training, experience, conversations with other FBI agents, other federal, state and local law enforcement officers, as well as officers familiar with the criminal activities associated with narcotics traffickers and money launderers, I am knowledgeable about the ways in which narcotics are manufactured, transported, brokered, distributed, sold and how gangs utilize the narcotics trade to further their organizational objectives. Furthermore, based upon the review of reports, and reliable information obtained from Cooperating Informants (CIs), I know that gangs and the network of narcotics brokers, wholesalers, and distributors, whom they rely on, often participate in money laundering activities.

2. This affidavit is being submitted for the sole purpose of setting forth probable cause that JASON EDWARD DUBOSE, aka "BLACK" attempted to distribute MDMA (Ecstasy) and did distribute an analogue to a controlled substance, all in violation of Title 21 United States Code, Sections 841 (a)(1) and 813. Accordingly, this affidavit does not set forth all facts of which I have knowledge of at this time.

3. On June 18, 2009, a Cooperating Informant (CI), while in the presence of law enforcement, made a controlled call to JASON EDWARD DUBOSE, aka "BLACK" to arrange the purchase of approximately two-hundred (200) MDMA (Ecstasy) pills.

1

4. On June 18, 2009, CI, whom was wearing a consensual recording device, together with a City of Miami Police Department (MPD) Undercover Detective (UC) drove to at a Pizza Hut restaurant located in the vicinity of Eighth Avenue and SW Eight Street, Miami, Florida, Miami-Dade County all within the Southern District of Florida.

5. CI and UC arrived at the Pizza Hut where CI meet with DUBOSE while UC awaited in a nearby undercover vehicle.

6. CI negotiated with DUBOSE the purchase price and terms of the MDMA deal.

7. UC entered Pizza Hut and meet with CI and DUBOSE.

8. UC and CI negotiated again with DUBOSE the purchase price and terms of MDMA deal.

9. UC and CI agreed to the purchase of two hundred MDMA (Ecstasy) pills from DUBOSE for $6 per pill, for a total of $1,200.

10. UC, CI, and DUBOSE agreed to meet in approximately forty-five (45) minutes in the vicinity of 862 SW 6th Street, Miami, Florida, to conduct the exchange.

11. DUBOSE, CI and UC exited the Pizza Hut. DUBOSE departed on foot while CI and UC drove out of in the area in the undercover vehicle.

12. UC and CI drove to 862 SW 6th Street, Miami, Florida, where CI met with DUBOSE.

13. DUBOSE exchanged approximately two hundred (200) suspected MDMA pills with CI in exchange for $1,200.

14. CI reentered undercover vehicle and both UC and CI departed the area. The suspected MDMA was subsequently submitted to a Drug Enforcement Administration (DEA)

laboratory for analysis. That analysis showed that the drugs had a total unit count of 200.7 pills which tested positive as 5-Methoxy-N-methyl-N-isopropyltryptamine (5-MeO-MIPT).

15. Your Affiant has spoken with the DEA chemist that has conducted the testing of the pills and has reviewed a report authored by the DEA Drug & Chemical Evaluation Section. Based on my conversation with the chemist and my review of the report, the 200.7 pills sold by DUBOSE are an analogue to a Schedule I controlled hallucinogenic substance, 5-Methoxy-N,N-diisopropyltryptamine (5-MeO-DIPT), commonly referred to as "Foxy."

16. Based on the aforementioned facts, your Affiant believes that there is probable cause to believe that JASON EDWARD DUBOSE, aka "BLACK" did attempt to distribute MDMA (Ecstasy), in violation of Title 21 United States Code, Section 841 (a)(1), and did in fact distribute an analogue of a controlled substance, in violation of Title 21 United States Code, Sections 841 (a)(1) and 813.

AFFIANT FURTHER SAYETH NAUGHT.

_____
ROALD NOVALES
Special Agent
Federal Bureau of Investigation

Subscribed to and sworn before me
this 26th day of March, 2010.

_____
THE HON. STEPHEN BROWN
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF FLORIDA

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No. 10-2410-STB

UNITED STATES OF AMERICA

vs.

JASON EDWARD DUBOSE,

    Defendant.
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003? _____ Yes __X__ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007? _____ Yes __X__ No

                              Respectfully submitted,

                              JEFFREY H. SLOMAN
                              UNITED STATES ATTORNEY

BY: _____
      Jared E. Dwyer
      Assistant United States Attorney
      Court ID No. A5501240
      99 N.E. 4th Street
      Miami, Florida 33132-2111
      Tel: (305) 961-9118
      Fax: (305) 536-7213